United States District Court
Eastern District of Michigan
Southern Division

United States of America,

> Plaintiff,

v.

Evan Daniel Mercer,

> Defendant.

/

Case No. 24-20065

Hon. Terrence G. Berg

F I L E D

DEC 0 3 2024

CLERK'S OFFICE
U.S. DISTRICT COURT

## Plea Agreement

The United States of America and the defendant, Evan Daniel Mercer, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

### 1.   Count of Conviction

The defendant will plead guilty to Count 1 of the Indictment. Count 1 charges the defendant with sexual exploitation of a child under 18 U.S.C. § 2251(a).

### 2.   Statutory Minimum and Maximum Penalties

The defendant understands that the count to which he is pleading guilty carries the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | A minimum of 15 years and up to 30 years |
| | Fine: | Up to $250,000 |
| | Term of supervised release: | At least 5 years and up to life |

The defendant understands that Count 1 requires a mandatory minimum sentence of 180 months' imprisonment and that the Court may not impose a sentence on that count below the mandatory minimum.

## 3.    Agreement to Dismiss Remaining Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the indictment against the defendant in this case. Specifically, the United States Attorney's Office will move to dismiss Counts 2–5 of the Indictment. Counts 2–4 charge coercion and enticement of a minor under 18 U.S.C. § 2422(b) and carry a mandatory

minimum sentence of 120 months' imprisonment. Count 5 charges

possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B).

**4.    Elements of Count of Conviction**

The elements of Count 1 are:

1. The defendant employed, used, persuaded, induced, enticed, or
   coerced a minor to engage in sexually explicit conduct for the
   purpose of producing a visual depiction of that conduct;

2. The defendant knew or had reason to know that the visual
   depiction would have been produced or transmitted using
   materials that had been mailed, shipped, or transported in or
   affecting interstate commerce.

**5.    Factual Basis**

The parties agree that the following facts are true, accurately

describe the defendant's role in the offense, and provide a sufficient

factual basis for the defendant's guilty plea:

On or about September 27, 2023, in the Eastern District of

Michigan, the defendant used a minor, Minor Victim One, to create a

visual depiction of sexually explicit conduct. Specifically, the defendant

used an electronic device to communicate with Minor Victim One, a

prepubescent girl who was identified as "7," via a chat communication website that allowed individuals to connect and videochat over the internet. During the defendant's communications with Minor Victim One, Minor Victim One was recorded on video inserting her fingers into her vagina, as the defendant texted her comments encouraging her to engage in sexually explicit conduct, including "love it" and "lick her." The sexually explicit images of Minor Victim One were created and sent over the internet to the defendant, who took a screen recording of them and saved them to his electronic devices. At the time of the communications with Minor Victim One, the defendant was in the Eastern District of Michigan. The defendant stipulates that he used the internet to communicate with Minor Victim One using an electronic device that was manufactured outside of the state of Michigan, and that his communications and the sexually explicit images produced of Minor Victim One for the defendant traveled in and affected interstate commerce.

**6.    Advice of Rights**

The defendant has read the Indictment, has discussed the charges and possible defenses with his attorney, and understands the crimes

charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

    A.    The right to plead not guilty and to persist in that plea;

    B.    The right to a speedy and public trial by jury;

    C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

    D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

    E.    The right to confront and cross-examine adverse witnesses at trial;

    F.    The right to testify or not to testify at trial, whichever the defendant chooses;

    G.    If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

    H.    The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

    I.    The right to compel the attendance of witnesses at trial.

**7.    Collateral Consequences of Conviction**

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

8.    **Defendant's Guideline Range**

    A.    **Court's Determination**

The Court will determine the defendant's guideline range at sentencing.

    B.    **Acceptance of Responsibility**

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG

§ 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

**C.   Other Guideline Recommendations**

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply:

| 2G2.1(a) | Base offense level | 32 |
|---|---|---|
| 2G2.1(b)(1)(A) | Minor under 12 | +4 |
| 2G2.1(b)(2)(A) | Sexual act | +2 |
| 2G2.1(b)(6) | Use of computer | +2 |

The parties have no other joint recommendations as to the defendant's guideline calculation.

### D.    Factual Stipulations for Sentencing Purposes

The parties stipulate that the following facts are true and that the Court may, but is not required to, rely on them in calculating the defendant's guideline range and imposing sentence:

- Minor Victim One was prepubescent (that is, under the age of 12) and was identified as "7" at the time the defendant solicited sexually explicit images of her and caused them to be produced and sent to him;

- The defendant caused Minor Victim One to engage in sexual acts, including inserting fingers into her vagina, and this sex act was recorded and sent to the defendant;

The parties have no additional factual agreements for sentencing purposes.

### E.    Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.    Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

### 9.    Imposition of Sentence

### A.    Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B.    Imprisonment

### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment

not exceed the midpoint of the defendant's guideline range as determined by the Court.

### 2.   No Right to Withdraw

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

## C.   Supervised Release

### 1.   Recommendation

The parties have no agreement as to supervised release.

### 2.   No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow

the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.   Fines

The parties have no agreement as to a fine.

### E.   Restitution

The Court must order restitution for the defendant's offense conduct relating to Minor Victim One. The defendant further agrees to pay restitution to any other minor victims affected by his conduct, including those listed in Counts 3–5 of the Indictment. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed. The amount of restitution shall be determined as if the defendant had been convicted of conduct relating to each of the additional minor victims.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and

**Page 12 of 21**

3613. If the Court imposes a schedule of payments, the defendant

agrees that the schedule of payments is a schedule of the minimum

payment due, and that the payment schedule does not prohibit or limit

the methods by which the United States may immediately enforce the

judgment in full.

The defendant agrees to make a full presentence disclosure of his

financial status to the United States Attorney's Office by completing a

Financial Disclosure Form and the accompanying releases for the

purpose of determining his ability to pay restitution. The defendant

agrees to complete and return the Financial Disclosure Form within

three weeks of receiving it from government counsel. The defendant

agrees to participate in a presentencing debtor's examination if

requested to do so by government counsel.

**F.    Forfeiture**

As part of this agreement, pursuant to 18 U.S.C. § 2253(a)(3), the

defendant agrees to forfeit his interest in the following:

1.    Any visual depiction described in Title 18, United States

Code, Sections 2251, 2251A, or 2252, 2252A, 2252B, or

2260, or any book, magazine, periodical, film, videotape,

or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of these subsections;

2.    Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained as a result of the defendant's violation of Title 18, United States Code, Section 2252A(a)(2); and

3.    Any property, real or personal, involved in the commission of the defendant's violation of Title 18, United States Code, Section 2252A(a)(2).

The defendant agrees that a sufficient nexus exits between defendant's offense of conviction and the Subject Property and that the Subject Property is forfeitable to the United States pursuant to 18 U.S.C. § 2253.

The defendant agrees to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture of the Subject Property following the defendant's guilty plea, upon application by the United States as mandated by Fed. R. Crim. P. 32.2.  The defendant agrees that the

forfeiture order will become final as to the defendant at the time entered by the Court.

The defendant expressly waives his right to have a jury determine the forfeitability of his interest in the Subject Property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

The defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

The defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the Court to advise him of his rights with respect to forfeiture, set forth in Fed. R. Crim. P. 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant further agrees to hold the United States, its agents and employees, harmless from any claims whatsoever in connection with the seizure and forfeiture of the property referenced above.

The defendant knowingly, voluntarily, and intelligently waives any statutory and constitutional challenge to the above-described

forfeiture including any challenge based upon the Double Jeopardy Clause and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### G.   Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

In addition, under the Justice for Victims of Trafficking Act of 2015, the defendant will be required to pay a special assessment of $5,000, due immediately upon sentencing. However, if the Court finds that the defendant is indigent, he will not be ordered to pay this amount.

## 10.   SORNA

Defendant understands that by pleading guilty in this case, he will be required to register as a sex offender, under both federal and state registration requirements. As a condition of his release from prison on supervised release in this case, Defendant will be obligated to promptly register under the federal sex offender registry. Defendant may also be required to register under the law of the state in which he resides, as well as any state where he has significant contacts

(including any state where he resides, works, attends school or otherwise has significant contacts). Defendant further understands that he will be required to maintain and update his registration for at least twenty years, and potentially for the rest of his life.

## 11. Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. The defendant also waives any right he may have to appeal his sentence on any grounds, unless his sentence of imprisonment exceeds the top of the guideline range as determined by the Court.

## 12. Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to

challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

**13. Remedies for Withdrawal, Breach, Rejection, or Vacatur**

If the defendant is allowed to withdraw his guilty plea or breaches this agreement, or if the Court rejects this agreement, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the defendant has been permitted to plead guilty to a lesser-included offense, the government may also reinstate any charges or file any additional charges against the defendant for the greater offense, and the defendant waives his double-jeopardy rights with respect to the greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they

were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 14.  Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 15.  Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 16.  Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant

at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 17.   Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by the date and time for the Final Pretrial Conference. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn N. Ison
United States Attorney

_Sara D. Woodward_

Sara D. Woodward
Chief, General Crimes Unit
Assistant United States
Attorney

_Diane N. Princ_

Diane N. Princ
Assistant United States
Attorney

Dated: 11/19/2024

By signing below, the defendant and his attorney agree that the
defendant has read or been read this entire document, has discussed it
with his attorney, and has had a full and complete opportunity to confer
with his attorney. The defendant further agrees that he understands
this entire document, agrees to its terms, has had all of his questions
answered by his attorney, and is satisfied with his attorney's advice and
representation.

_Michael A. Rataj_

Michael A. Rataj
Attorney for Defendant

_Evan Daniel Mercer_

Evan Daniel Mercer
Defendant

Dated: 11-27-24